# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RAYMOND K. FULLER,**
**Claimant Below, Petitioner**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0313**  (BOR Appeal No. 2051563)
(Claim No. 2015031338)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Raymond K. Fuller, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Jillian Moore and Steven Wellman, its attorneys, filed a timely response.

The issue presented in the instant appeal is Mr. Fuller's request for authorization of an anterior cervical discectomy and fusion. On September 29, 2015, the claims administrator denied the request for authorization of the procedure. The Office of Judges affirmed the claims administrator's decision on September 12, 2016. This appeal arises from the Board of Review's Final Order dated March 1, 2017, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds the Board of Review's decision is based upon a misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Fuller injured his neck and left shoulder on May 22, 2015, while attempting to maneuver rods within a furnace during the course of his employment with Huntington Alloys Corporation. On the date of injury, Mr. Fuller sought medical treatment at St. Mary's Urgent Care and was diagnosed with a left shoulder sprain. He sought follow-up care with Allen Young,

1

M.D., Huntington Alloys Corporation's on-site physician, on May 26, 2015. He complained of left shoulder pain and pain in the area of his left trapezius, which radiated into the left arm. On June 30, 2015, Mr. Fuller's claim for workers' compensation benefits was held compensable for a neck sprain and a sprain of an unspecified site of the shoulder/arm. Additionally, the claims administrator authorized a one-time consultation with neurosurgeon Matthew Werthammer, M.D.

On July 30, 2015, Dr. Werthammer examined Mr. Fuller. Dr. Werthammer noted that he previously treated Mr. Fuller in 2013 for lumbar spondylosis. Mr. Fuller had experienced neck and shoulder pain over the years, but never experienced pain radiation into the left arm until the May 22, 2015, injury. Dr. Werthammer then opined that a cervical spine MRI revealed multilevel spondylosis and a left-sided disc herniation at C6-7.[1] Dr. Werthammer diagnosed Mr. Fuller with a cervical disc herniation with radiculopathy and recommended that he undergo an anterior cervical discectomy and fusion at C6-7. Dr. Young re-examined Mr. Fuller on July 31, 2015, and concurred with Dr. Werthammer's recommendation that Mr. Fuller undergo an anterior cervical discectomy and fusion.

On September 28, 2015, Christopher Chenault, M.D., performed a records review in which he concluded that the medical evidence did not support the finding that the request for surgery was related to the compensable injury. Dr. Chenault noted that Mr. Fuller did not complain of neck pain until several days after the date of injury. Additionally, he opined that the cervical spine MRI revealed only degenerative changes, which are most prominent at C7-11. Further, Dr. Chenault opined that the clinical findings contained in the evidentiary record did not consistently present at C6-7, which is the level at which Dr. Werthammer diagnosed a disc herniation. Finally, he concluded that the mechanism of injury described by Mr. Fuller was inconsistent with the production of a disc herniation. Based upon Dr. Chenault's record review, the claims administrator denied Dr. Werthammer's request for authorization of a C6-7 anterior cervical discectomy and fusion on September 29, 2015.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on October 27, 2015. Dr. Mukkamala opined that Mr. Fuller had reached maximum medical improvement with respect to the compensable injury and required no further treatment. He noted that Mr. Fuller has an extensive history of pre-existing neck and back complaints, and found that Mr. Fuller has co-existing, non-compensable cervical spondylosis, which has delayed his recovery. Finally, Dr. Mukkamala opined that Mr. Fuller's current neck symptoms are not causally related to the compensable injury, but rather are pre-existing and degenerative in nature.

Marsha Lee Bailey, M.D., performed an independent medical evaluation on June 2, 2016. Dr. Bailey also opined that Mr. Fuller had reached maximum medical improvement with respect to the compensable injury and required no further treatment. After reviewing Mr. Fuller's medical record, she opined that his current complaints were identical to the complaints he expressed in 2009 after sustaining a left shoulder injury. Additionally, she opined that the cervical spine MRI revealed only degenerative changes that were the result of the normal aging

---

[1] The report detailing the findings of the cervical spine MRI was not submitted into evidence.

process. Finally, Dr. Bailey opined that the requested anterior cervical discectomy and fusion was not medically necessary or reasonably required for the treatment of the compensable injury.

In its Order affirming the September 29, 2015, claims administrator's decision, the Office of Judges held that the preponderance of the evidence failed to establish that the requested anterior cervical discectomy and fusion was medically necessary or reasonably required for the treatment of the compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its March 1, 2017, decision. On appeal, Mr. Fuller asserts that the evidence of record demonstrates that he sustained a herniated disc at C6-7 as a result of the compensable injury. He further asserts that the requested anterior cervical discectomy and fusion is medically necessary for the treatment of the herniated disc at C6-7.

The Office of Judges found persuasive Drs. Chenault's, Mukkamala's, and Bailey's conclusions that the requested anterior cervical discectomy and fusion were unnecessary for and unrelated treatment for the compensable injury. The Office of Judges then concluded that the claims administrator properly denied the request for authorization of an anterior cervical discectomy and fusion. We disagree.

Dr. Werthammer, a board certified neurosurgeon, evaluated Mr. Fuller at the request of Dr. Young, the treating physician. In Dr. Werthammer's opinion, the radicular features in the left upper extremity corresponded to a C7 distribution, which corresponded to the disc herniation at C6-C7 seen on the cervical MRI. Dr. Chenault, a board certified orthopedic surgeon, did not examine Mr. Fuller. Dr. Mukkamala, a physical medicine and rehabilitation physician, and Dr. Bailey, an occupational medicine physician, both opined that the MRI findings were degenerative in nature. However, Dr. Werthammer was the only neurosurgeon to evaluate Mr. Fuller. As such, his opinion regarding the need for the surgery was more reliable. Therefore, the Office of Judges and Board of Review erred when they relied on the opinions of Drs. Chenault, Mukkamala, and Bailey.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded. The claims administrator shall hold the claim compensable for C6-C7 disc herniation, and authorize the surgery requested by Dr. Werthammer.

Reversed and Remanded.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING**:
Chief Justice Allen H. Loughry II
Justice Elizabeth D. Walker

LOUGHRY, Chief Justice, dissenting:

I dissent to the majority's decision to authorize the claimant's request for C6-7 anterior cervical discectomy and fusion. The record fails to establish that the requested treatment is medically necessary or reasonably required for the compensable injury. The claim was held compensable for a neck sprain and a sprain of an unspecified site of the shoulder/arm. Three doctors have opined that the claimant has reached his maximum degree of medical improvement and that the requested treatment is not causally-related to the compensable injury. The claimant has an extensive history of pre-existing neck and back complaints, including a 2008 shoulder injury, and the medical evidence indicates that the disc herniation at C6-7 is attributable to pre-existing degenerative changes.

Based upon the evidence discussed above, the claim's administrator denied authorization for the requested treatment and both the Office of Judges and Board of Review affirmed that decision. West Virginia Code § 23-5-15(c) (2017) provides, in pertinent part:

> *If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim*, the decision of the board may be reversed or modified by the supreme court of appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. *The court may not conduct a de novo re-weighing of the evidentiary record.*

(Emphasis added). Because it is clear that the majority has simply re-weighed the evidence to find in favor of the claimant, I respectfully dissent.